UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL WHITAKER,           )
                             )
    Petitioner,          )
                             )
   vs.                       )          Case No. 4:11CV327 CDP
                             )
TROY STEELE,                 )
                             )
    Respondent.          )

## MEMORANDUM AND ORDER

Petitioner Michael Whitaker is currently incarcerated in the Potosi
Correctional Center in Mineral Point, Missouri.  Whitaker pled guilty to second-
degree murder and felony driving while intoxicated in the Circuit Court of St.
Francois County, Missouri.  He was sentenced to twenty-five years imprisonment
on the second-degree murder conviction and four years imprisonment on the
driving while intoxicated conviction, to be served concurrently.

This matter is before the court on Whitaker's petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254.  Whitaker raises two grounds for relief.  Both
of his grounds are procedurally defaulted.  I will therefore deny his petition for the
writ.

## I.   Background

On March 27, 2008, Whitaker was driving his vehicle while intoxicated.  He
drove across a median and struck another car head-on.  The driver of the other

vehicle was killed.  Whitaker was charged with the class D felony of driving while intoxicated, because he had a prior conviction for an intoxication-related offense, and the class A felony of second-degree murder.  He pleaded guilty after reaching a plea agreement that the state would recommend a sentence of four years imprisonment on the driving while intoxicated charge and twenty-five years imprisonment on the second-degree murder charge.  After his guilty plea, he waived completion of a presentence report and was sentenced as contemplated by the plea agreement.

On July 23, 2009, Whitaker filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035.  Counsel was appointed to represent Whitaker, and an amended motion for post-conviction relief was filed on November 4, 2009.  That motion raised two claims: (1) his counsel was ineffective for failing to explain the nature and scope of Whitaker's possible post-conviction relief, as Whitaker believed he could immediately appeal his plea and reopen the case; and (2) his plea was unknowing, involuntary, and unintelligent because it was induced by violence and threats of violence within the St. Francois County Jail. On January 15, 2010, the motion court denied the request for an evidentiary hearing and denied both of Whitaker's claims.

Whitaker appealed the denial of his motion to the Missouri Court of Appeals, asserting two grounds: (1) the motion court erred in denying the motion

- 2 -

without a hearing because Whitaker's counsel incorrectly advised him that he could plead guilty but nevertheless preserve his right to appeal and later reopen the case; and (2) the motion court erred in denying the motion without a hearing because Whitaker's pleas were not voluntarily made but rather the product of violence and threats of violence he was experiencing at the county jail.  On January 11, 2011, the Missouri Court of Appeals affirmed the denial of Whitaker's post-conviction motion in a per curiam unpublished opinion.  Resp. Ex. D.

## II.   <u>Grounds Raised</u>

Whitaker now seeks federal habeas corpus relief, asserting the following grounds:

(1)   His counsel was ineffective for leading him to believe that his plea agreement would include a provision for concurrent sentencing on pending charges in another county;

(2)   The trial court erred because the evidence in this case supports a charge of involuntary manslaughter, rather than second-degree murder.

## III.   <u>Discussion</u>

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings.  *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).  Under Missouri law, "allegations of trial court error, reviewable on direct appeal, are not cognizable in a post-conviction motion."  *Oden v. State*, 320 S.W.3d 198, 201 (Mo.

Ct. App. 2010). Failure to raise a claim in a post-conviction appeal results in abandonment of that claim. *Sweet*, 125 F.3d at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)); *see also Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997) (citing *Lowe-Bey v. Groose*, 28 F.3d 816, 818 (8th Cir. 1994)) ("A claim that is presented to the state court on a motion for post-conviction relief is procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief.").

A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' . . . is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Sweet*, 125 F.3d at 1151 (citation omitted) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)). "Fairly present" means that state prisoners are required to "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' . . . ." *Id*. at 411-12 (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)). A state law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly

- 4 -

presented requirement." *Id*. at 412 (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam)).

The Supreme Court has held that a state prisoner can overcome procedural default if he or she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The Court explained that "'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id*. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Furthermore, to establish actual prejudice, a petitioner must demonstrate that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). In order to assert the fundamental miscarriage of justice exception, "a petitioner must make a showing of actual innocence." *Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

In Ground 1, Whitaker claims that his counsel was ineffective for leading him to believe that his plea agreement would include a provision for concurrent sentencing on pending charges in another county. This claim was not raised either

on direct appeal or in his postconviction motion.[1]  Whitaker did not fairly present Ground 1 to the state court, so the issue was not preserved for federal habeas review.  Therefore, his claim is procedurally defaulted, and because he does not allege any cause for the default, it may not be considered for habeas review.

In Ground 2, Whitaker claims that the trial court erred because the evidence in this case supports a charge of involuntary manslaughter, rather than second-degree murder.  Like Ground 1, this claim also was not raised either on direct appeal on in his postconviction motion.  Therefore, this claim is procedurally defaulted.  As cause for the default, Whitaker states that he did not receive a copy of the State Highway Patrol report from the accident until January 21, 2011, and he claims that it supports his contention that he was trying to get off the highway to get a hotel room at the time of the accident.  However, he appears to be instead invoking the fundamental miscarriage of justice exception by asserting that he is actually innocent of second-degree murder, and instead guilty of involuntary manslaughter.

Whitaker's argument fails because he cannot assert his actual innocence as a means to overcome his procedural default.  This evidence is not actually "new"

---

[1]Though his pro se Rule 24.035 motion stated, as facts supporting an ineffective assistance of counsel claim, that he was "verbally told to take plea, St. Louis case was worked out to be dismissed!," that claim was not pursued by his counsel in his amended motion.  The amended motion superseded the pro se motion, so this omitted allegation was not properly before the motion court.  *See Leach v. State*, 14 S.W.3d 668, 670-71 (Mo. Ct. App. 2000).

evidence, which is evidence "that was not available at trial." *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir. 2004).  In fact, this evidence was available at the time of his plea because the report was prepared on March 29, 2008, and there is no evidence or allegation that his attorney lacked access to the report at the time of the plea, despite Whitaker's claim that *he* had never seen it before.  Additionally, even if this evidence was "new," Whitaker does not present an explanation for how this report demonstrates his actual innocence in any way.

Furthermore, because he voluntarily pled guilty to this offense,[2] his attempt to invoke his actual innocence is unpersuasive.  *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997).  As part of his guilty plea, he admitted to every element for second-degree murder, which constituted felony murder based on his felony driving while intoxicated conviction.  The fact that the state prosecutor could have chosen to instead pursue a voluntary manslaughter charge does not invalidate his plea of guilty to second-degree murder for the same conduct.  *See State v. Mayer*, 3 S.W.3d 423, 425 (Mo. Ct. App. 1999) (holding that the prosecutor has the discretion to proceed under either the second-degree murder statute or the involuntary manslaughter statute when both statutes apply to the same conduct).

---

[2]The state court conducted a full inquiry into the voluntariness of Whitaker's plea and the factual basis supporting it, and I will give deference to that court's determination.  *See Blackledge v. Allison*, 431 U.S. 63, 71-74 (1977).

Therefore, because Ground 2 is procedurally defaulted and Whitaker cannot satisfy either exception to overcome this bar, it cannot be considered for habeas review.

## IV.   <u>Certificate of Appealability</u>

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  I find that reasonable jurists could not differ on any of Whitaker's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Michael Whitaker for writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2012.